NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re The Matter of

ADRIEL OHMSTEDT, *Petitioner/Appellee,*

*v.*

THOMAS OHMSTEDT, *Respondent/Appellant.*

No. 1 CA-CV 19-0408 FC

FILED 6-30-2020

Appeal from the Superior Court in Maricopa County
No. FN2019-052896

The Honorable Brian S. Rees, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Canterbury Law Group, LLP, Scottsdale
By Jonathan P. Ibsen & Craig P. Cherney
*Counsel for Petitioner/Appellee*

MAYESTELLES, PLLC, Phoenix
By Candy Marrufo
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1          Thomas Ohmstedt appeals the superior court's grant and affirmation of an order of protection against him. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          We view the record in the light most favorable to upholding the trial court's decision. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).

¶3          Thomas is the half-brother of Adriel Ohmstedt. Around February 2016, Thomas was the acting manager of Phoenix Custom Mobile Home Park ("Park"). During his tenure, he resided in the office trailer at the Park ("Office Unit"), which is an ordinary trailer with an office extension attached. The Park is a family business; Thomas, Adriel and other members of the family own shares of the entire enterprise.

¶4          After a falling out that February, the family voted to remove Thomas as acting manager. They told Thomas to remove his belongings from the Office Unit. Thomas voluntarily left the Park for three or four months to travel. He then returned to live in the Office Unit, however, and refused to vacate. Thomas did not pay rent during this period, nor did he receive a salary after his 2016 termination, though he did receive a portion of the business profits as a shareholder.

¶5          Between 2016 and 2019, Thomas constantly badgered Adriel with obscene and offensive comments, often calling him a "fucking piece of shit," threatened Adriel with a "finger to the throat gesture," and placed Adriel in physical danger by swerving his bike into Adriel's path to cause a collision.

¶6          Thomas also racked his rifle around Adriel. On April 4, Adriel and his co-worker Ed were in the office extension of the Office Unit when

they heard what Adriel later characterized as the "slide of a gun, the ch-ch." Adriel asked Ed what he heard, to which Ed responded, "Yeah. That's a gun." As they left the office, they saw Thomas, but did not see a gun in his hand. Thomas followed Adriel "breathing down [Adriel's] shoulder, down [Adriel's] neck" until they reached the bottom of the stairs outside the trailer. At the bottom of the stairs, Thomas opened a mailbox, slammed it shut, glared at Adriel and went back inside. Adriel testified that Thomas owns a .30 caliber rifle.

¶7 Adriel then filed a petition for an order of protection to bar Thomas from the Office Unit and the Park generally. The court issued an order of protection (the "Order"), excluding Thomas from the Park as a whole (as Adriel's workplace), and Adriel's unit in particular. Thomas requested a hearing on the order of protection. Adriel testified on his own behalf and Thomas's counsel cross-examined him. At the conclusion of the hearing the judge found Adriel credible and affirmed the Order based on the continuing harassment, as well as the gun-racking and bike-swerving incidents. The court denied a motion by Thomas's counsel to have the office trailer excluded from the Order. Thomas filed a motion for reconsideration, which the court denied. Thomas timely appealed.

## DISCUSSION

¶8 As the trial court is in the best position to evaluate the credibility of witnesses, we generally defer to its findings of fact. *Goats v. A.J. Bayless Markets, Inc.*, 14 Ariz. App. 166, 170 (1971). We will not reweigh evidence or credibility determinations on appeal. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017). We review the grant of an order of protection for abuse of discretion. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012). We review due process claims de novo. *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999).

### I. Due Process

¶9 Thomas first argues that the trial court violated his due process rights by "effectively evicting" him from the office trailer that served as his residence. Both the United States and Arizona Constitutions prohibit the deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV; Ariz. Const. art. 2, § 4. Due process protections include a substantive component, which "protects an individual from government interference with 'rights implicit in the concept of ordered liberty.'" *Simpson v. Owens*, 207 Ariz. 261, 267, ¶ 17 (App. 2004) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

¶10 Thomas argues that the trial court violated his due process rights by excluding him from the Office Unit despite Adriel's failure to present evidence of harm. But this argument misstates the test. "A judicial officer . . . may grant the plaintiff exclusive use of the parties' residence if there is reasonable cause to believe that physical harm otherwise *may result*." Ariz. R. Protective Ord. P. ("ARPOP") 23(h)(2) (emphasis added). Adriel established that he worked in the Office Unit and that Thomas threatened and harassed him there. Thus, the record supports a finding that allowing Thomas to remain in the Office Unit "may result" in harm to Adriel. The trial court did not abuse its discretion.

## II.   Allegation of Domestic Violence

¶11 Next, Thomas argues that the trial court abused its discretion by granting a petition that did not include an allegation of domestic violence. A petition for an order of protection must allege an act of domestic violence as defined by A.R.S. § 13-3601. *Savord*, 235 Ariz. at 259, ¶ 12. To grant an order when a petition has not alleged an act of domestic violence constitutes an abuse of discretion. *Id.*

¶12 The court entered the Order after finding Thomas committed harassment against Adriel. The offense of harassment constitutes domestic violence when committed against persons including "[victims] related. . . to the defendant. . . by blood" or "between . . . persons residing or having resided in the same household." A.R.S. § 13-3601(A) (listing harassment under A.R.S. § 13-2921 as a domestic violence offense); (A)(1)–(A)(4) (describing relationships necessary for an offense to constitute domestic violence). "A person commits harassment if, with intent to harass or with knowledge that the person is harassing another person, the person . . . communicates . . . with another person . . . in a manner that harasses." A.R.S. § 13-2921(A), (A)(1).

¶13 As relevant here, the statute defines "harassment" as "conduct that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person." A.R.S. § 13-2921(E). Thomas argues that Adriel failed to allege in his petition that he was "in fact" alarmed, annoyed, or harassed, and that Adriel thus failed to allege the complete offense of harassment.

¶14 But Adriel's petition satisfies Rule 8's requirement that a petition contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Under Arizona's notice pleading rules, it is

not necessary to allege the evidentiary details of plaintiff's claim for relief." *Verduzco v. Amer. Valet*, 240 Ariz. 221, 225 (App. 2016); *see also* Ariz. R. Civ. P. 8(a)(2). "[K]nowledge, and other conditions of a person's mind may be alleged generally." Ariz. R. Civ. P. 9(b). The court did not abuse its discretion.

### III.   Trial Court's Findings of Fact

¶15        Thomas contends that the trial court did not make the factual findings necessary to exclude him from the Office Unit. We review a trial court's decision to affirm an order of protection for abuse of discretion. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012). "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given by the court must be 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (quoting *State v. Chapple*, 135 Ariz. 281, 297 n.18 (1983). A court may grant an order of protection if "reasonable cause exists that to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year . . . ." ARPOP 23(e). The court made these necessary findings.

¶16        Thomas's counsel correctly points out that "even squatters have rights." But there is no authority that mandates a trial court must proceed with eviction proceedings after issuing the Order. In an order of protection, the court may "grant the plaintiff exclusive use of the parties' residence if there is reasonable cause to believe that physical harm otherwise may result." ARPOP 23(h)(1). The court appropriately granted exclusive control of the Office Unit to Adriel, even though Thomas used a portion of the Office Unit as his residence. The court did not abuse its discretion.

### IV.   Hearsay

¶17        Finally, Thomas first argues on reply that the court accepted inadmissible hearsay evidence when Adriel testified that his co-worker Ed heard the gun-racking. By failing to raise and develop this issue in his opening brief, Thomas waived this argument. *Ariz. Dep't of Revenue v. Ormond Builders, Inc.*, 216 Ariz. 379, 385, ¶ 24 n.7 (App. 2007) ("We will not address arguments raised for the first time in the reply brief.").

## V.    Attorney's Fees

¶18      Adriel requested attorney's fees on appeal pursuant to A.R.S. § 25-324(A), ARCAP 25, and A.R.S. §§ 12-349(A)(1) and (3). Section 25-324(A) does not apply to this case. In our discretion, we decline to award fees under ARCAP 25 or A.R.S. § 12-349(A).

## CONCLUSION

¶19      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA